# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>WESTON BRETT CANFIELD (01),<br><br>        Defendant. | Case No. 14-40059-01-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Weston Brett Canfield's Motion to Vacate his sentence under 28 U.S.C. § 2255. Doc. 51. The government filed a response to Mr. Canfield's Motion. Doc. 52. The court considers both parties' arguments below and, for reasons explained by this Order, denies Mr. Canfield's Motion.

### I. Factual Background

On a May 28, 2014 a Grand Jury returned a three-count Indictment against Mr. Canfield, charging: (1) Interference with Commerce by Robbery, violating 18 U.S.C. § 1951(a) ("Hobbs Act robbery"; Count I), (2) Use, Carry, Brandish of a Firearm During and in Relation to a Crime of Violence, violating 18 U.S.C. § 924(c)(1)(A) (Count II), and (3) possession of a firearm by a prohibited person, violating 18 U.S.C. § 922(g) (Count III). Count II explicitly relied on the crime commonly called Hobbs Act robbery as the crime of violence supporting the 18 U.S.C. § 924(c)(1)(A) violation. Doc. 20 at 3. Mr. Canfield entered a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), and pleaded guilty to Counts I and II of the Indictment. Doc. 32. The court dismissed the charge made by Count III of the Indictment on the government's motion. Doc. 43. By accepting the plea agreement, defendant waived "any right to challenge a sentence or

otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]." Doc. 32 at 8 (Plea Agreement § 11). The court accepted the plea agreement, and sentenced Mr. Canfield to 84 months' imprisonment followed by three years of supervised release. Doc. 43. Mr. Canfield did not file a direct appeal.

Mr. Canfield, proceeding pro se,[1] now has filed a Motion to Vacate under § 2255. It asserts that the court should vacate his conviction because: (1) 18 U.S.C. § 924(c)(3)(B) is now void because of the Supreme Court's recent decision, *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204, 1207 (2018), and (2) Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). The court considers Mr. Canfield's arguments, below.

## II.   Legal Standard

A federal prisoner may bring a Motion to Vacate under § 2255 seeking "to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C § 2255(a). Motions of this kind "attack[ ] the legality of [the prisoner's] detention, and must be filed in the district court that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citations omitted). The court must grant a prompt hearing on the motion, "[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled no relief." 28 U.S.C § 2255(b). A court need not conduct an evidentiary

---

[1]   Because Mr. Canfield files his motion pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

hearing where a petitioner's factual allegations are inherently incredible, where they amount to conclusions instead of statements of fact, or where they contradict the record. *United States v. Cervantes-Samaniego*, No. 07-20099-JWL, 2012 WL 1788141, at *1 (D. Kan. May 17, 2012). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. Analysis

### A. Waiver and Timeliness

As an initial matter, Mr. Canfield expressly agreed to a plea agreement that included a waiver of collateral review rights. A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. *Cockerham*, 237 F.3d at 1183. But enforceability of waiver provisions like Mr. Canfield's is subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. *Id*. at 1182. For the last exception (*i.e.*, when the agreement is otherwise unlawful), § 2255 establishes a one-year limitations period starting "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

On April 18, 2018, *Sessions* held 18 U.S.C. § 16(b) unconstitutional, reasoning the residual clause of the federal criminal code's definition of "crime of violence" is vague, and thus violates the Due Process Clause. 138 S. Ct. at 1223. Here, Mr. Canfield filed this motion on July 10, 2018, asserting a *Sessions* claim within one year of the Supreme Court's decision. It is a

timely motion. Mr. Canfield's motion is not barred by either his waiver of collateral review rights or the relevant statute of limitations.

### B. Merits of the Claim

Mr. Canfield argues that the Supreme Court's decision in *Sessions* renders 18 U.S.C. § 924(c)(3)(B) unconstitutional. In *Sessions*, the Supreme Court held that the residual clause's definition of "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague. The Court reasoned that the clause "'requires a court to picture the kind of conduct that the crime involves in the "ordinary case," and to judge whether that abstraction presents' some not-well-specified-yet-sufficiently-large degree of risk." *Sessions*, 138 S. Ct. at 1216 (quoting *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557 (2015)). The Court held that § 16(b) was invalid because it "produces, just as ACCA's residual clause did, 'more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Sessions*, 138 S. Ct. at 1216 (quoting *Johnson*, 135 S. Ct. 2258).

The Tenth Circuit extended this rationale to the identically-worded § 924(c)(3)(B) in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018). *See id.* at 686 (holding *Sessions*'s reasoning for invalidating § 16(b) applies equally to § 924(c)(3)(B)). Mr. Canfield correctly argues that § 924(c)(3)(B) is unconstitutionally vague. Therefore, Mr. Canfield's Hobbs Act robbery conviction does not qualify as a "crime of violence" under § 924 unless it does so under the elements clause of § 924(c)(3)(A). Mr. Canfield argues that Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(A), thus, the court should vacate his conviction.

The government responds to plaintiff's argument, asserting that the Hobbs Act robbery conviction satisfies the elements clause of § 924(c)(3)(A). Section § 924(c)(1)(A) of Title 18 provides in relevant part,

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A). A "crime of violence" for the purposes of this provision means an offense that is a felony and,

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).

The Tenth Circuit addressed this very question in *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018). It held that the use of the term physical force in § 924(c)(3)(A) "'means *violent* force—force capable of causing physical pain or injury to another person.'" *Id.* at 1064 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Applying a categorical approach, the court determined that Hobbs Act robbery qualifies as a "crime of violence" within the meaning of the elements clause, § 924(c)(3)(A). *Id.* at 1060–65. It reasoned that Hobbs Act robbery is defined as a common-law robbery that affects interstate commerce, and "the force

5

element in common-law robbery statutes (*e.g.*, the Hobbs Act) can only be satisfied by violent force." *Id*. at 1064–65.

So, despite *Salas*'s conclusion that the residual clause's definition of a "crime of violence" in § 924(c)(3)(B) is unconstitutionally vague, Mr. Canfield's Hobbs Act robbery conviction qualifies as a "crime of violence" under § 924(c)(3)(A). Thus, Mr. Canfield's conviction under § 924(c)(1)(A) did not violate the Constitution or the laws of the United States. The court thus denies Mr. Canfield's Motion to Vacate under § 2255.

**IV.     Certificate of Appealability**

Rule 11 of the Rules Governing § 2255 Proceedings requires "the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted). No reasonable jurist would find the court's assessment of Mr. Canfield's constitutional claims debatable or wrong. For the reasons explained above, Mr. Canfield has not made a substantial showing that one of his constitutional rights was denied. The court thus declines to issue a certificate of appealability.

**V.     Conclusion**

For the reasons explained above, Mr. Canfield's Motion to Vacate under § 2255 is denied and no Certificate of Appealability shall issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Weston Brett Canfield's Motion to Vacate (Doc. 51) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of August, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**Unites States District Judge**
